## BOULDER SIGN COMPANY, LLC, Plaintiff–Appellant,

v.

## CITY OF BOULDER CITY, NEVADA, Defendant–Appellee.

No. 06–16603.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2008.*

Filed June 4, 2008.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Ike Lawrence Epstein, Beckley Single-ton, CHTD., Las Vegas, NV, E. Adam Webb, Esq., Webb & Porter, L.L.C., Atlanta, GA, for Plaintiff–Appellant.

G. Lance Coburn, Esq., Lionel, Sawyer & Collins, Las Vegas, NV, Randal R. Morrison, Esq., Sabine and Morrison, San Diego, CA, for Defendant–Appellee.

** The Honorable Richard Mills, Senior United States District Judge for the Central District of Illinois, sitting by designation.

Before: KLEINFELD and N.R. SMITH, Circuit Judges, and MILLS, District Judge.**

## MEMORANDUM ***

Boulder Sign Company, LLC ("Boulder Sign") filed this action under 42 U.S.C. § 1983, alleging that Boulder City, Nevada's ("the City") ordinance regulating the size of billboard signs violated its rights under the First and Fourteenth Amendments. Based on the content-neutral size, height and area restrictions of the ordinance, the district court entered summary judgment in favor of the City.

Boulder Sign's applications to construct new billboards were denied by the City's Planning Commission and by City Council. Boulder Sign has never claimed its proposed signs conformed to size and height rules under the previous ordinance. The City eventually passed an ordinance which prohibited all new billboards.

We conclude that Boulder Sign has no standing to challenge the ordinance. The signs which it proposed drastically exceeded the maximum height and area allowed under the ordinance which was then in place. The City Council had no discretion under that ordinance to permit signs of the size and height proposed by Boulder Sign. There is no evidence in the record that the City Council or the City's Planning Commission approved signs that were in excess of the maximum height and area allowed under the previous ordinance. If "[n]o change in the permit procedure would result in the approval of the permits [the sign company] requests," then the company lacks standing to challenge the permitting process based on a lack of redressability. *See Get Outdoors II v. City of San*

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Diego,* 506 F.3d 886, 895 (9th Cir.2007) (citation omitted). Because Boulder Sign's alleged injury cannot be redressed by a favorable decision, we have no jurisdiction over its section 1983 claims. *See Nordyke v. King,* 319 F.3d 1185, 1192 (9th Cir.2003) (stating that it lacked jurisdiction because "Article III standing is a jurisdictional prerequisite") (citation omitted). We therefore vacate the district court's order entering summary judgment in favor of the City and remand with instructions to dismiss Boulder Sign's complaint with prejudice. *See Fleck and Assoc., Inc. v. Phoenix,* 471 F.3d 1100, 1106–07 (9th Cir. 2006).

**VACATED AND REMANDED WITH INSTRUCTIONS.**